# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **RONALD CASTLEBERRY**, <br><br> Plaintiff, <br><br> v. <br><br> **WINN-DIXIE STORES, INC., OFFICE DEPOT, INC., and QIANGLONG FURNITURE CO., LTD.**, <br><br> Defendants. | Civil Action No. 7:16-CV-202 |

**ORDER**

Before the Court is Defendant Qianglong Furniture Co., Ltd.'s ("Qianglong") Motion to Dismiss (Doc. 15). Qianglong moves to dismiss Plaintiff's claims for failure to serve the Chinese corporation before the expiration of the applicable statute of limitations. For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff Ronald Castleberry filed this personal injury and products liability action against Defendants Winn-Dixie Stores, Inc. ("Winn-Dixie"), Office Depot, Inc. ("Office Depot") and Qianglong as Civil Action File No. 2006-CCV-1777 in the Superior Court of Lowndes County on October 5, 2016. (Doc. 1-2). In his Complaint, Plaintiff alleges that on October 7, 2014, while in the pharmacy area of the Winn-Dixie store located in Valdosta, Georgia, he sat in a chair that slid out

from underneath him, causing him to fall to the floor. (Id. at ¶¶ 10-11). As a result of the fall, Plaintiff claims he suffered injuries to his neck and back. (Id. at ¶ 11). In addition to the grocery store, Plaintiff sued Office Depot, which sold the chair to Winn-Dixie, and Qianglong, which manufactured the purportedly defective chair. (Id. at ¶ 12).

Plaintiff served Office Depot with a copy of the Complaint and Summons on October 10, 2016. (Doc. 1, p. 1). Winn-Dixie acknowledged service on October 12, 2016. (Id.). In accordance with 28 U.S.C. §§ 1441 and 1446, Winn-Dixie and Office Depot removed the case to this Court on November 4, 2016. (Id.). Several months later, on February 6, 2017, the Court entered an Order (Doc. 8) directing Plaintiff to show cause why his case should not be dismissed against Qianglong for failure to effect service. Plaintiff responded on February 27, 2017 (Doc. 9), explaining that Plaintiff's counsel upon filing the lawsuit was operating under the mistaken belief that China is not a member of the Hague Convention for the purposes of serving foreign lawsuits and that he was attempting to identify other methods of serving Qianglong within the jurisdiction of the United States. Having discovered that China is a member of the Hague Convention, Plaintiff then requested an additional 180 days to navigate the complexities of serving Qianglong in China.

The Court agreed to permit Plaintiff an additional sixty (60) days in which to serve Qianglong. (Doc. 10). The Court left open the possibility of extending

this timeline, provided Plaintiff could demonstrate to the Court that he had undertaken reasonable methods to serve Qianglong. The Court further cautioned Plaintiff that in the absence of evidence of his due diligence, the Court would dismiss Qianglong from this lawsuit.

More than ten months have passed since Plaintiff's lawsuit was removed to this Court. And, still, there is no evidence that Plaintiff has properly served Qianglong. Qianglong now moves the Court to dismiss this action, asserting that in the absence of evidence of due diligence to ensure service of the complaint, Plaintiff's claims against Qianglong are barred by the statute of limitations. Plaintiff contends that he has attempted service on Qianglong in a number of fashions but to no avail. He requests that the Court grant him an additional 300 days in which to perfect service on Qianglong in China.

## II. MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss, the court shall accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678,

3

682 (1946)). Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Plaintiff's products liability claims against Qianglong arise from an accident that occurred on October 7, 2014. Plaintiff alleges that because Qianglong negligently manufactured the chair that caused his injury, Qianglong is strictly liable for his permanent injuries. Georgia law requires that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33; see also Smith, Miller & Patch v. Lorentzson, 254 Ga. 111 (1985) (applying O.C.G.A. § 9-3-33 to products liability cases based on personal injuries); Daniel v. Am. Optical Corp., 251 Ga. 166, 167 (1983) (holding that O.C.G.A. § 9-3-33 applies to products liability cases brought under theories of strict liability and negligence). The parties here do not dispute that Plaintiff timely filed his Complaint on October 5, 2016. However, it is now September, and Plaintiff still has not perfected service on Qianglong.

Qianglong argues that Plaintiff's claims against the Chinese corporation should be dismissed because Plaintiff has failed to exercise diligence in serving this defendant as required by Georgia law. Plaintiff contends that the federal

4

rules of civil procedure governing service on foreign corporations, not Georgia law, apply. Fed.R.Civ.P. 4(f) and (h). Under Fed.R.Civ.P. 4(f), service on a foreign corporation may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Plaintiff counters that because there is no clear deadline associated for service under the Hague Convention,[1] the Court should consider what efforts Plaintiff has made in serving Qianglong and grant Plaintiff additional time in which to locate and to serve Qianglong by the terms of the Hague Convention.

The Eleventh Circuit has consistently held that a federal court sitting in diversity must apply the controlling state substantive law when determining the timeliness of service. Aucoin v. Connell, 209 F.App'x 891, 892 (11th Cir. 2006). In Aucoin, the Eleventh Circuit explained that:

> In a suit where federal jurisdiction is founded on diversity of citizenship, the statute of limitations is governed by state law under the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The applicable statute of limitations must come from state law. And the law governing when the suit was commenced for purposes of the statute of limitations is also governed by state law.

---

[1] There is no binding authority specifying a time period for service under the Hague Convention, and neither the Eleventh Circuit nor the Supreme Court has spoken directly on the issue. See Regenicin, Inc. v. Lonza Walkersville, Inc., 997 F. Supp. 2d 1304, 1317 (N.D.Ga. 2014). However, it is generally understood that even under the Hague Convention a due diligence standard applies. Id. at 1318.

Id. Thus, it is clear that in this case, where jurisdiction is based purely on diversity of citizenship, that the Court must apply Georgia law to determine the timeliness of service.

Under Georgia law, "the mere filing of a complaint does not commence suit unless timely service is perfected as required by law." Tate v. Coastal Utilities, Inc., 247 Ga. App. 738, 739 (2001). Where service is made "after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute, but only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible." Sykes v. Springer, 220 Ga. App. 388, 389 (1996). "The plaintiff also has the burden of showing lack of fault." Id. The test is "whether the plaintiff exercised due diligence, not whether the defendant has suffered harm." Duffy v. Lyles, 281 Ga. App. 377, 379 (2006) (internal citations and punctuation omitted). Georgia courts have defined "diligence" to mean "as quickly as possible." Zeigler v. Hambrick, 257 Ga. App. 356, 358 (2002).

Plaintiff has not met his burden of showing by specific facts that he acted diligently in serving Qianglong. When Plaintiff responded to the Court's show cause order in February 2017, Plaintiff readily acknowledged that Qianglong had not been served. (Doc. 9, p. 1). Plaintiff also informed the Court at that time that Plaintiff had been unable to discern a means of serving Qianglong within the

United States and that service likely would have to be made according to the requirements of the Hague Convention. (Id. at 2-3).

Since that time, it is apparent that Plaintiff has taken no legitimate steps toward perfecting service under the Hague Convention or via any other acceptable method. Indeed, while Plaintiff claims to have hired a private investigator and to have attempted service on Qianglong's American representatives, Plaintiff has provided no specific evidence of the exact measures he has undertaken to serve Qianglong. The only efforts evident to the Court are Plaintiff's service attempts on representatives of XL Catlin, which the Court understands to be Qianglong's liability insurer. And Plaintiff has offered no explanation why service on this entity is an effective substitute for service on Qianglong.

Plaintiff's continued complaint that service under the Hague Convention is complicated, expensive, and time consuming is not sufficient to warrant granting Plaintiff additional time to serve Qianglong. Plaintiff has known since at least February 2017 that he would be required to serve Qianglong under terms of the international treaty, yet he has not demonstrated that he has taken any steps toward that end. The Court previously warned Plaintiff that if he failed to show the Court what attempts had been made to meet the service requirements under the Hague Convention, the Court would be disinclined to extend the time for service any further.

Therefore, finding that Plaintiff has not acted "as quickly as possible" to serve Qianglong, and finding no basis to extend the time for service, the Court grants Qianglong's motion to dismiss and denies Plaintiff's request for a 300 day extension of time to perfect service. Zeigler, 257 Ga. App. at 358.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion. Qianglong is dismissed as a party to this action.

**SO ORDERED** this 13th day of September, 2017.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks