# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RONALD CASTLEBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>WINN DIXIE STORES, INC.,<br><br>    Defendant. | Civil Action No. 7:16-CV-202 (HL) |

**ORDER**

Before the Court is Defendant Winn Dixie Stores, Inc.'s Motion for Summary Judgment. (Doc. 40). After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, and with the benefit of oral argument, the Court determines that there are genuine issues of material fact that must be resolved by a jury. The Court accordingly **DENIES** Defendant's motion.

## I. FACTUAL BACKGROUND

The undisputed material facts viewed in the light most favorable to Plaintiff are as follows:

On October 7, 2014, Plaintiff Ronald Castleberry entered Defendant Winn Dixie Stores, Inc.'s Bemiss Road location in Valdosta, Georgia to fill a prescription. (Doc. 42, p. 21-22). Plaintiff filled prescriptions at the store at least once a month. (Id. at p. 22). Plaintiff entered the grocery store and went directly to the pharmacy, where he handed his prescription to the pharmacy technician.

(Id. at p. 25). He was told that it would take approximately fifteen minutes to fill his prescription. (Id.; Doc. 43, p. 43). Plaintiff took a seat in one of the chairs located in the pharmacy waiting area. (Doc. 42, p. 25). Plaintiff had sat in the same set of chairs on numerous other occasions, though he cannot say whether he ever sat in the exact same chair. (Id. at p. 35). There was another woman in the pharmacy area sitting in a similar chair. (Id. at p. 30-31). Plaintiff did not notice anything unusual about the chair in which this other person was sitting. (Id. at p. 31).

Plaintiff testified that he sat in the chair as he normally would sit, with his feet planted on the floor and his back against the seat back. (Id. at p. 30-31; Doc. 43, p. 47). Plaintiff explained that as a result of prior injuries to his back, he has difficulty sitting forward or leaning back and that he tries to sit up straight to alleviate any pressure. (Doc. 42, p. 30-31). When the pharmacy notified Plaintiff that his prescription was ready, he grasped the arms of the chair, leaned forward, and pushed himself up from a seated position. (Doc. 42, p. 33; Doc. 43, p. 48-49). As he rose, the chair shot out from under him. (Doc. 42, p. 26, 33; Doc. 43, p. 49). Plaintiff testified that he "went straight down and landed on my butt – my tailbone, and when I hit my tailbone, it just felt like it just jarred my whole insides, and I just went on down flat on the floor." (Doc. 42, p. 37). While he was falling, Plaintiff did not know what caused the chair to shoot out from under him. (Id. at p.

34). After the fall, however, he noticed holes in the bottom of the chair where rubber stoppers should have been. (Doc. 42, p. 36).¹

Plaintiff was able to get up unassisted. (Id. at p. 37). He stood up, took a minute to steady himself, and then walked to the counter to collect his prescription. (Id.). The pharmacy technician asked if he was okay. (Id.). Plaintiff replied that he thought he was fine and that he just wanted to leave the store because he was embarrassed. (Id.). Plaintiff did not realize that he was injured until several hours after the incident, when he stated he "started having a lot of pains in my leg and in the center of my back, and I just started hurting so bad I couldn't even lay down on it." (Id. at p. 40). The next morning, the store manager called and asked Plaintiff to return to the store to complete an incident report. (Id. at p. 37-38).

## II.　SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact arises only when "the evidence is such

---

¹ Plaintiff provided two depositions in relation to this case, one on September 15, 2016 (Doc. 42) and the other on October 26, 2017 (Doc. 43). In his first deposition, Plaintiff testified that all four stoppers were missing. (Doc. 42, p. 36). In the second deposition, he testified that only two of the stoppers were missing. (Doc. 43, p. 64).

that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254–55. The court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

## III. DISCUSSION

Defendant argues that Plaintiff's negligence claims fail as a matter of law because Plaintiff has not demonstrated that there was a defect in the chair which caused his fall. Additionally, Defendant contends that even if the chair was defective, there is no evidence suggesting that Defendant had either actual or constructive knowledge of any hazard. While the evidence of a purported defect is limited, Plaintiff has identified that the chair was missing some or all of its rubber stoppers and that the missing stoppers contributed to his fall. Plaintiff further avers that genuine issues of material fact remain as to Defendant's knowledge of the hazard, making summary judgment improper.

Under Georgia law, "[a]n owner or occupier of land has a legal duty, enforceable by lawsuit, to exercise ordinary care to keep and maintain its premises and the approaches in a condition that does not pose an unreasonable risk of foreseeable harm to the invited public." American Multi-Cinema, Inc. v.

Brown, 285 Ga. 442 (2009); O.C.G.A. § 51-3-1 ("Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."). Nevertheless, a property owner "is not an insurer of the safety of its invitees," and the "mere occurrence of an injury does not create a presumption of negligence." Kennestone Hosp. v. Harris, 285 Ga. App. 393, 393-94 (2007) (citation and punctuation omitted).

"Proof of an injury, without more, is not enough to establish a proprietor's liability." Ford v. Bank of America Corp., 277 Ga. App. 708, 709 (citing Sams v. Wal-Mart Stores, 228 Ga. App. 314, 316 (1997). In order to recover in a slip and fall action, the injured party "must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 268 Ga. 735, 748-49 (1997).

"Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger" and, therefore, the plaintiff cannot recover. Metts v. Wal-Mart Stores, 269 Ga. App. 366, 367 (2004); see also Weldon v. Del Taco Corp., 194 Ga. App. 174 (1990) ("[P]roof of nothing more than the occurrence of the fall is insufficient to establish the

5

proprietor's negligence.") (quotation marks and citation omitted) (alterations in original). "Merely stating that a condition is dangerous does not constitute evidence that it is so." Ford, 277 Ga. App. at 709 (citing Carroll v. Ga. Power Co., 240 Ga. App. 442, 443 (1999)). Where the question of whether an allegedly hazardous condition caused the plaintiff's injuries "remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." Hayes v. SNS Partnership, LP, 326 Ga. App. 185, 188 (2014) (quoting Hardnett v. Silvey, 285 Ga. App. 424, 426 (2007)) (quotation marks omitted).

Defendant argues that the facts of this case are indistinguishable from those presented in Weldon, Hayes, and Family Thrift, Inc. v. Birthrong, 336 Ga. App. 601 (2016). The Court disagrees. In each of the cases relied upon by Defendant, the plaintiff could only speculate that a defect existed. Here, Plaintiff has affirmatively pointed to a particular defect: the missing stoppers.

In Weldon, for example, the plaintiff, a patron at the defendant's restaurant, alleged that she was injured after the chair in which she was sitting "slipped out from under her and dropped her to the floor." 194 Ga. App. at 174. The plaintiff speculated that either excessive wax or a foreign substance might have contributed to the fall; however, there was no evidence to support those allegations, and the plaintiff offered no other reason for the chair falling other than the fact that at the time of the fall plaintiff was reaching for something. Id.

Without evidence of anything more than the fall, the Court of Appeals held that the evidence was insufficient to establish the defendant's negligence and affirmed summary judgment. Id.

Similarly, in Hayes, the plaintiff could only show that she was injured when her shoe caught on the door of the defendant's establishment. 326 Ga. App. at 185. Beyond the plaintiff's testimony concerning the sequence of events and the plaintiff's daughter's testimony regarding the door feeling heavier or lighter on various visits, the plaintiff provided no other evidence of any defect in the door that might have caused her injury. Id. at 188. There, the Court of Appeals concluded that the lay opinions of the plaintiff and her daughter about the weight of the door fell "short of providing evidence of a defect in the door when Hayes fell and [did] not create any issue of fact which would preclude summary judgment." Id. The court emphasized that "pure speculation or conjecture" is not enough to establish the existence of a dangerous condition. Id. (citation omitted). The court reiterated this point in Birthrong, where the plaintiff was injured after the seat of a chair located in the defendant's thrift store collapsed underneath her, again stating that without evidence of how the chair was defective, there can be no logical inference that the defendant should have known about or discovered the defect. 336 Ga. App. at 605 (quoting Freeman v. Eicholz, 308 Ga. App. 18, 23 (2011) (holding that when "[t]here is no evidence establishing exactly how the chair was defective, whether the defect was one which would be visible

during an inspection, or how long the defect existed . . ., there is no logical foundation for arguing that such a defect should have been discovered during the [defendant's] inspection procedure")).

Unlike the plaintiffs in the cases relied upon by Defendant, Plaintiff here has identified a potential defect in the chair, namely the allegedly missing rubber stoppers on the bottom of the chair. Whether there were two stoppers missing or four is inconsequential to the issue of whether Plaintiff has adequately alleged the existence of a specific hazard. Ultimately, the determination of whether the rubber stoppers were actually missing from the chair is a matter of credibility to be determined by the jury. The Court further is not convinced that Plaintiff's testimony regarding the condition of the floor on the day of his accident or his weight in comparison to the suggested weight limit of chair somehow undermines Plaintiff's allegation that the chair was defective. A reasonable juror could find that these factors, when coupled with the missing stoppers, contributed to the chair slipping out from underneath Plaintiff.

This case accordingly turns on the question of whether Defendant had knowledge of the alleged defect. It is undisputed that Defendant had no actual knowledge that the chair was defective in any way. In order to recover, Plaintiff therefore must prove that Defendant had constructive knowledge of the alleged defect. A plaintiff may demonstrate constructive knowledge by showing that (1) a store employee was in the immediate vicinity and could have easily seen the

8

defect; or (2) the defect existed long enough that through ordinary diligence a store employee should have discovered the hazard. See Johnson v. All American Quality Foods, Inc., 340 Ga. App. 664, 666 (2017) (citation omitted).

Constructive knowledge may also be inferred when there is evidence that the property owner lacked a reasonable inspection procedure. See Donastorg v. Rainbow USA, Inc., 342 Ga. App. 215, 218 (2017). Generally, whether a store's inspection procedure is reasonable is a jury question. See Shepard v. Winn Dixie Stores, 241 Ga. App. 746, 748-49 (1999). "In order to prevail at summary judgment based on a lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." Id. (quoting Food Lion, Inc. v. Walker, 290 Ga. App. 574, 576 (2008)) (quotation marks omitted). "The reasonableness of an inspection procedure depends on the nature of the business, the size of the store, and the number of customers." Id. at 219. In the absence of "plain, palpable and undisputable proof that customary inspections procedures . . . were in place, were actually followed and were adequate to guard against known or foreseeable dangers at the time of the patron's alleged injuries," summary judgment is not appropriate. Id. (quoting Burnett v. Ingles Markets, Inc., 236 Ga. App. 865, 867 (1999)) (quotation marks omitted).

A genuine issue of material fact exists as to whether Defendant had a reasonable inspection procedure in relation to the chairs located in the pharmacy. Bryan North, the store manager at the time of Plaintiff's fall, testified that he frequently sat in the pharmacy chairs because they were the only place to sit down in the store. (Doc. 53, p. 21). However, Mr. North did not testify that he sat in this particular chair, nor did he indicate when he last sat in any of the chairs prior to Plaintiff's accident. More saliently, Mr. North offered no specific evidence regarding a regular system for inspecting or maintaining the chairs. Under the circumstances presented in this case, the Court cannot conclude as a matter of law that Defendant maintained an inspection policy, that the policy was reasonable, or that Defendant followed the inspection policy.

Defendant argues that even if it did have actual or constructive knowledge of a defect in the chair that Plaintiff had at least equal knowledge. In support of this argument, Defendant points to Plaintiff's testimony that he patronized Defendant's pharmacy at least once a month and that generally he would sit in one of the chairs in the pharmacy waiting area while the pharmacy filled his prescription. Defendant further notes that Plaintiff testified that he sat in the chair in question for at least fifteen minutes prior to his fall and that he did not notice a problem with the chair until after the fall.

"[T]he plaintiff's lack of ordinary care for personal safety is generally not susceptible of summary adjudication but is a question for the jury to resolve."

Augusta Country Club v. Blake, 280 Ga. App. 650, 656 (2006). Here, the Court finds that questions of fact remain regarding Plaintiff's knowledge of an alleged defect in the chair. While Plaintiff admittedly sat in the chairs in the pharmacy on a regular basis, the evidence is not clear that he sat in same chair on each visit. Additionally, the evidence is not clear that Plaintiff could have detected the purported defect in the chair by sitting in the chair alone. Consequently, the Court concludes that Defendant is not entitled to summary judgment based on Plaintiff's knowledge of any alleged hazard.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment. (Doc. 40). This case shall be placed on the Court's next available trial calendar.

**SO ORDERED** this 15th day of February, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks